IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IVAN CERNA, *et al.*,<br><br>Defendants.<br>/ | No. CR 08-0730 WHA<br><br>**ORDER DENYING ANGEL NOEL GUEVARA'S MOTION FOR RECONSIDERATION** |

**INTRODUCTION**

Defendant Angel Noel Guevara moves for reconsideration of the April 9 order denying his motion to strike overt acts 114, 115, and 116 (Dkt. No. 2205). For the reasons stated herein, the motion for reconsideration is **DENIED**.[1]

Defendants Alvarado, Aristedes Carcamo, Castillo, Cerna, Cruz-Ramirez, Flores, Franco, Hernandez, Guillermo Herrera, Lopez, Montoya, Quinteros, and Velasquez move to join in the motion. These joinder motions are **GRANTED**.

**STATEMENT**

On February 22, Mr. Guevara moved to strike as surplusage all overt acts listed in Count One of the third superseding indictment (Dkt. No. 1343). The motion to strike was made on the basis that the overt acts were irrelevant, prejudicial surplusage (*id*. at 6). The motion was made

---

[1] Although there is no hearing on calendar for the instant motion, some defendants appear to believe the motion is scheduled for hearing on October 19. As indicated in a prior order, no hearing is needed for the instant motion and both the original hearing date, September 21, and the revised hearing date, October 19, have been vacated (Dkt. No. 2269).

by former counsel for Mr. Guevara, Attorney Harris Taback. After full briefing and oral argument, the motion was denied on April 9 (Dkt. No. 1624). On June 1, Attorneys Lupe Martinez and Jennifer Naegele replaced Attorney Taback.

On September 7, five months after the denial of the original motion to strike the overt acts as surplusage, replacement counsel filed a motion for reconsideration of the ruling (Dkt. No. 2205). No motion for leave to file the motion for reconsideration had been submitted or granted prior to its submission.

Inasmuch as the local rules say that no motion for reconsideration may be filed until a party is granted leave to file a motion for reconsideration, an order issued that the motion would be viewed as a motion for leave to file a motion for reconsideration (Dkt. No. 2269).

**ANALYSIS**

The instant motion does not articulate any valid basis for reconsideration of the prior ruling. Reconsideration is warranted when a motion for leave to file a motion for reconsideration specifically shows that: (1) a material difference of fact or law exists from what was previously presented *and* the party applying for reconsideration did not know of the difference of fact or law despite reasonable diligence; (2) since the original order, new *material* facts or law have emerged; or (3) there was a manifest failure by the district court to consider material facts or dispositive legal arguments which were presented to it. Criminal L.R. 2-1; Civil L.R. 7-9. These requirements track Ninth Circuit case law regarding when reconsideration is appropriate. *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Counsel do not allege that there has been a change in controlling law, that new facts have come to light that could not have reasonably been discovered before the filing of the original motion, or that the undersigned failed to adequately consider facts or arguments presented. Instead, counsel argue that the undersigned should consider a new, particularized challenge to overt acts 114, 115, and 116, based on jail records that were produced to former counsel a year before the first motion was filed (Gibbons Decl. Exh. A). Counsel argue that the records should be considered "newly discovered" evidence warranting reconsideration because counsel were appointed in June 2010 and did not review the records until August 2010. This argument lacks

merit. It is immaterial that counsel could not have presented the specific arguments because they were not yet appointed. Appointment of replacement counsel did not wipe clean the entire slate of proceedings imputed to Mr. Guevara. If this was the case, every time new counsel is appointed, the relevant defendant would be permitted to re-file every motion submitted prior to replacement of counsel. The question is whether former counsel could have, with reasonable diligence, known of the contents of the jail records. The answer is yes. *First*, there is absolutely no indication that Attorney Taback was unaware of the contents of the jail records. *Second*, exercise of reasonable diligence would have resulted in Attorney Taback's review of the records. The records were included in a production of only 100 pages and Attorney Taback received the records a full year before filing the motion to strike the overt acts as surplusage.

Notwithstanding the foregoing, the instant motion also fails because the records can hardly be considered material to the outcome of the April 9 order. The records at issue are incident reports describing the overt acts from the perspective of the officer drafting the report. Counsel argue that the records are critical because they prove that overt acts 114, 115, and 116 were not gang-related. Contrary to counsel's assertion, however, the records prove no such thing. For example, a reasonable interpretation of an incident report describing a purposeful display of a gang tattoo may be that the incident was gang-related. Counsel's argument that such an incident report *proves* that the incident was "absolutely not 'gang-related'" because the report does not affirmatively state that the incident was gang-related assumes too much. Just because a record does not make an *affirmative* statement that an incident was gang-related does not mean that the incident was, in fact, not gang-related.

Finally, there is no indication that the undersigned failed to consider material facts or dispositive legal arguments presented in the original motion. As counsel admits, former counsel did not specifically explain in detail why overt acts 114, 115, and 116 should be stricken as surplusage. Thus, the specific factual arguments counsel wishes to present now regarding 114, 115, and 116 were not even presented to the undersigned in the original motion.

Regardless, former counsel did argue that *all* overt acts should be stricken for the same legal reason that replacement counsel now seeks to strike overt acts 114, 115, and 116 — that the

overt acts are allegedly irrelevant, inflammatory, and prejudicial. This legal argument was squarely addressed, and rejected, by the April 9 order (Dkt. No. 1624). The order found that *none* of the overt acts were irrelevant, inflammatory, or prejudicial. As overt acts 114, 115, and 116 were among the 120 overt acts challenged by the original motion, they were obviously encompassed in the undersigned's ruling. Although counsel's focus on a select few of the overt acts, rather than all of the overt acts, has resulted in some added specificity, it has not resulted in any previously unconsidered material facts or dispositive legal arguments.

## CONCLUSION

In direct violation of the local rules, the instant motion: (1) was filed without leave; and (2) is simply a re-argument of a motion already denied by the undersigned. Criminal L.R. 2-1; Civil L.R. 7-9. For the foregoing reasons, the motion is **DENIED**. Please try harder to follow the rules.

**IT IS SO ORDERED.**

Dated: October 6, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4