IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IVAN CERNA, *et al*.<br><br>Defendants.<br>_____ / | No. CR 08-0730 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT LUIS HERRERA'S MOTION TO COMPEL PRODUCTION OF UNREDACTED DISCOVERY** |

## INTRODUCTION

Defendant Luis Herrera moves to compel production of unredacted versions of Daly City Police Department reports produced by the government as pages S3000097 to S3000131 (Dkt. No. 2111). For the reasons stated herein, the motion is **GRANTED IN PART AND DENIED IN PART**.

Defendants Alvarado, Aristedes Carcamo, Cerna, Cruz-Ramirez, Cruz-Zavala, Flores, Franco, Guevara, Hernandez, Lopez, Maldonado, Montoya, Portillo, Quinteros, and Velasquez move to join in the instant motion. These joinder motions are **GRANTED**.

## STATEMENT

The records at issue are twelve Daly City Police Department reports. All twelve reports were prepared by Daly City Police Department Detective Francis Mangan on July 31, 2009. Prior to production, eleven of the twelve reports were entirely redacted except for: (1) a notation that the "case status" was "pending"; and (2) the following statement:

> On 02-19-09, at approximately 1919 hours, [redacted] was the victim of murder via firearm by unknown suspects. [Redacted] were the victims of attempted murder via firearm by the same suspects. This occurred on westbound John Daly Boulevard adjacent to the Daly City BART Station. The two armed suspects fled in a gray or silver sedan similar to a Honda, last seen taking the northbound 1-280 on-ramp from John Daly Boulevard.

The remaining report was entirely redacted except for the aforementioned statements and the following additional statement: "This follow-up is in regards to an interview of [redacted] on 07-08-09, 1549 hrs" (S3000121).

As it has disavowed the FRCrP 16(a)(2) privilege for local and state law enforcement reports, the government does not invoke the privilege to justify its redactions (Dkt. Nos. 626, 692 at 17–18, 2341). Instead, the government claims it only redacted Jencks Act witness statements and witness identifying information from the reports (Opp. 3). The instant motion does not challenge redactions on these grounds but argues that the government's redactions appear to extend beyond these permissible grounds (Reply Br. 2). To resolve this dispute, the undersigned ordered the government to produce the records for *in camera* review. The government complied and the review has now been completed.

**ANALYSIS**

The redacted material at issue may be characterized as follows: (1) notes from various interviews with a cooperating witness; (2) a summary of a post-arrest interview of a co-defendant; (3) a hand-written note by an unidentified "law enforcement officer"; and (4) victim identities. Each is now discussed in turn.

### 1. WITNESS INTERVIEW NOTES.

Eleven of the twelve redacted reports contained interview notes from April 2009 through July 2009 from interviews of a government witness (S3000097–S3000120; S3000122–S000131). Although the witness was not named in all of the reports, the government's *in camera* submission specified that all eleven reports were regarding the same witness. The interview notes are memorialized in transcript-like form. Accordingly, the government now claims that all of the interview notes were properly redacted as Jencks Act witness statements.

To qualify as a witness statement under the Jencks Act, interview notes must be a substantially verbatim recitation of a witness interview or must have been adopted or affirmed by the witness. *United States v. Mincoff*, 574 F.3d 1186, 1200 (9th Cir. 2009). Here, the police reports did not indicate whether the interview notes were substantially verbatim recitations of what was said, or whether the interview notes were adopted or affirmed by the witness. Additionally, portions of the interviews clearly appear to be summarized. Furthermore, the unredacted footer on all of the reports dated the reports as being prepared on July 31, 2009 — over three months after the first interview took place. As such, it is not shown how the contents of the interviews were communicated to Detective Mangan for inclusion in the police reports.

To confirm that the interview notes indeed qualify as Jencks Act witness statements, the government must submit declarations sufficient to establish that the interview notes were substantially verbatim memorializations of what was said during the interviews or were otherwise affirmed or adopted by the witness. These declarations must be submitted by **OCTOBER 26** at **NOON**. If the declarations are not adequate to establish that all of the interview notes constitute Jencks Act witness statements, the undersigned will determine which portions of the reports may be released without identifying or endangering the witness. Note, however, the witness was not included in the government's list of civilian witnesses requiring protection, submitted *in camera* on May 14, 2009. The government shall update its list by **OCTOBER 26** at **NOON** if it maintains that revealing the witness' identity must be protected for safety reasons.

In any event, some portions of the reports must be unredacted irregardless of further submissions by the government. *First*, under the heading "INVESTIGATION" on each report, the name of the witness, the names of the officers present, and the date, time, and location of the interview have been redacted. Although the name of the witness and the locations should remain redacted for safety reasons, the names of the officers and the dates/times must be unredacted. Neither constitutes a witness statement nor witness identifying information. *Second*, the entirety of the last two redacted sentences on page S3000102 cannot be construed to be a witness statement or identifying information. With the exception of the name of the witness, the two

3

sentences must be unredacted. *Third*, the last redacted sentence on page S3000116 cannot be construed to be a witness statement as it is an observation separate and apart from the interview notes. It may be that the sentence reveals witness identifying information — however, the named individual was not included in the government's *in camera* list of civilian witnesses requiring protection. If the government wishes to continue to withhold the sentence the government must update its list accordingly by **OCTOBER 26** at **NOON**.

### 2. SUMMARY OF CO-DEFENDANT INTERVIEW.

The report on page S3000121 summarized a post-arrest interview of a co-defendant in this case. The government argues that the report should not be disclosed because the required disclosure of a defendant's statements under FRCrP 16(a)(1) does not extend to statements by a co-defendant. This argument dodges the issue. The instant motion does not seek the redacted information on the basis that co-defendant statements must be produced. The instant motion seeks the redacted information because it may be material to defense preparation. Indeed, a review of the summary of the post-arrest interview reveals that the summary is material to movant's defense preparation inasmuch as it directly pertains to whether the co-defendant previously claimed involvement in the Daly City incident. Furthermore, although the government has expressed concern that the co-defendant may be labeled a "snitch" if the material is released, the report in no way suggests that the co-defendant cooperated with the government during the interview or at any other time. Accordingly, the government has not articulated any basis for continued redaction of the interview summary. If there is any further point regarding the safety of this particular co-defendant that has not yet been brought to the undersigned's attention, the government is to submit any such contention *in camera* by **OCTOBER 26** at **NOON**.

### 3. HAND-WRITTEN NOTE.

The government asserts that the hand-written note on page S3000098 is non-discoverable work-product that reflects the thoughts and analysis of a member of the investigative/prosecution team. This order agrees that if the note was written by a member of the investigative/prosecution team, it is protected from discovery. It is assumed, however, that the note was not written by an

4

employee of a state or local agency. The government is to submit a declaration confirming as much by **OCTOBER 26** at **NOON**. Otherwise, the hand-written note must be unredacted.

### 4. VICTIM IDENTITIES.

The government has agreed to unredact the name of the victim who was killed during the Daly City incident, as the name was previously disclosed. The government, however, asserts that unredacting the names of the surviving victims would endanger their safety. This order agrees that continued redaction of the names of the surviving victims is necessary at this stage. These witnesses, however, were not listed in the government's *in camera* list of civilian witnesses whose identities must be protected. Accordingly, the government shall update its list by **OCTOBER 26** at **NOON** if it wishes to protect the surviving victims' identities.

## CONCLUSION

As discussed above, a large portion of the instant motion cannot be definitively resolved until the undersigned receives further materials from the government. Specifically, the government has until **OCTOBER 26** at **NOON** to provide:

(1) Declarations sufficient to confirm whether or not the interview notes at issue constitute Jencks Act witness statements;

(2) Any updates to its *in camera* list of civilian witnesses whose identities the government contends must be protected, as well as the bases for any additions;

(3) Any further point regarding safety of the co-defendant who is the subject of the report on page S3000121; and

(4) A declaration verifying that the handwritten note on page S3000098 was not made by an employee of a local or state agency.

If the government submits nothing further, a ruling on the aforementioned issues will be made on the record as it stands.

The remainder of the motion is **GRANTED IN PART AND DENIED IN PART**. Where applicable, the parties are to use this order as guidance for resolving other disputes over redacted

material. Note well that this order does not address whether any of the redacted material constitutes *Brady* material.

**IT IS SO ORDERED.**

Dated: October 13, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE