1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT
7
8           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   UNITED STATES OF AMERICA,                    No. CR 08-0730 WHA
11            Plaintiff,
12      v.                                        **ORDER RE GOVERNMENT'S**
                                                  ***DAUBERT* CHALLENGES TO**
13   IVAN CERNA, *et al*.                         **NOTICED DEFENSE EXPERTS**
14            Defendants.
                                          /
15

16          Defendants Cruz-Ramirez, Guillermo Herrera, Guevara, Portillo, and Lopez noticed

17   their intent to have various experts testify in their cases-in-chief (Dkt Nos. 2946, 3243,

18   3249, 3000, 3013).  The government made *Daubert* challenges to most of the noticed

19   defense experts in an omnibus motion (Dkt. No. 3371).  Defendants Guillermo Herrera,

20   Lopez, and Guevara opposed the motion in briefing (Dkt. No. 3494, 3499, 3500).

21   Defendants Cruz-Ramirez and Portillo did not file oppositions.

22          **A.    MENTAL HEALTH EXPERTS**

23          As stated at the pretrial conference, defense counsel shall supplement their

24   disclosures to comply with Federal Rule of Criminal Procedure 16(b)(1)(C).  This applies to

25   disclosures for Ginger Holman and Dr. Antolin Llorente (for defendant Cruz-Ramirez), Dr.

26   Pablo Stewart (for defendant Guillermo Herrera), the unnamed mental health expert of

27   defendant Portillo, and Dr. Antonio Puente (for defendant Lopez).  Defense counsel shall

28   have until **MONDAY, FEBRUARY 21 AT NOON**, to make these supplemental disclosures.[1]

                    _____

                    [1]  Although Monday is a Court holiday, this deadline will still stand.

1 The request by counsel for defendant Portillo to be excluded from this deadline was denied

2 at the pretrial conference as being without merit, and he shall comply with this deadline.

3 Counsel for defendant Guillermo Herrera stated in briefing that he has not provided

4 further submissions thus far due to an unresolved CJA matter. There is no unresolved CJA

5 request. In fact the request was made on January 31 and it was approved on February 1. It

6 is unfair to blame the CJA process for counsel's delay.

7 The government may file a subsequent motions to exclude based on the new expert

8 disclosures by **FEBRUARY 28 AT NOON**. Any such motions should make clear the basis for

9 exclusion. If a basis for exclusion is inadequate expert disclosures, the government shall

10 detail its efforts to meet and confer with defense counsel to resolve the issue and the result

11 of any such conference. Any opposition by defense counsel must be filed by **MARCH 7 AT**

12 **NOON**. This schedule is without prejudice to the government's mental health examination

13 of the defendants even before the deadline for its subsequent motion. Pending further order,

14 counsel shall not refer to the proposed testimony of the mental health experts in front of the

15 jury, including in opening statements, except to ask the jury venire-members whether they

16 know those individuals.

17 **B.** **EYEWITNESS IDENTIFICATION EXPERTS**

18 Further procedures were outlined at the pretrial conference with respect to the

19 government's motion to exclude testimony of the proposed eyewitness identification experts

20 — Dr. Scott Fraser for defendant Guillermo Herrera and Dr. Deborah Davis for defendant

21 Guevara. To recap, a *Daubert* hearing will be held. This hearing will be held on **MARCH 16**

22 **AT 7:30 A.M.** At all events, a ruling on the admissibility of the proposed testimony or the

23 extent thereof may still wait until after the eyewitnesses themselves have testified, to allow the

24 Court to make a fully-informed and fair decision under Rule 403.

25

26 **IT IS SO ORDERED.**

27

Dated: February 16, 2011.

28

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE