1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

IVAN CERNA, *et al*.,

        Defendants.

_____/

No. CR 08-0730 WHA

**OMNIBUS ORDER RE PRETRIAL
MOTIONS FOR APRIL 4 TRIAL**

**INTRODUCTION**

In this massive RICO/VICAR prosecution, eight defendants are proceeding to trial on April 4. Numerous pretrial motions were filed by the government and defendants Jonathan Cruz-Ramirez, Moris Flores, Manuel Franco, Angel Noel Guevara, Guillermo Herrera, and Erick Lopez. An even larger number of joinder motions were filed. The motions were heard at a lengthy final pretrial conference spanning February 14, 15, and 16. This omnibus order addresses most final pretrial motions — even if the motion is deferred for ruling at trial. Defendant Guillermo Herrera's motion to dismiss (Dkt. No. 3136), defendant Lopez's motion to preclude victim identification (Dkt. No. 3141), the government's challenge to defense experts (Dkt. No. 3371), motions relating to the use of an anonymous jury (Dkt. Nos. 2654, 2680, 2879, 3192), *Massiah* motions, and various requests regarding jury selection procedure are or will be addressed in separate orders.

As with all evidentiary rulings, a denial of a motion to exclude evidence does not necessarily mean that the evidence will be admitted — it only means that the motion did not articulate sufficient grounds to exclude the evidence. A proper foundation must be laid prior to the admission of any evidence.

## DEFENDANTS' PRETRIAL MOTIONS

### 1. MODIFICATION OF PROPOSED TRIAL SCHEDULE (DKT. NO. 3134)

Defendant Guillermo Herrera moves to modify the trial schedule and to allow client visits in the federal building until 5 p.m. on trial days (Dkt. No. 3134). This request is **GRANTED IN PART AND DENIED IN PART**. As stated at the pretrial conference, the schedule will be 7:30 a.m. to 1:00 p.m., Monday through Friday. This will provide dark periods from 1:00 p.m. through the end of each day. Based on the maximum trial length estimate provided by the defense and government, the undersigned solicited a prospective venire with availability for six months beginning on March 7 (the prior trial date). If, as the trial develops, it appears that we will have the luxury of entire dark days as well, some will be set.

Defendants Cruz-Zavala, Flores, Guevara, Lopez, Portillo, and Velasquez move to join in the motion (Dkt. Nos. 3208, 3228, 3233, 3235, 3241, 3258, 3357). All joinder motions are **GRANTED** except those filed by defendants Velasquez and Portillo. The joinder motions of defendants Velasquez and Portillo are **DENIED** without prejudice to bringing new motions specific to their trial. Defendants Velasquez and Portillo have been severed and the facts surrounding their trial may differ.

### 2. JURY PRESENCE DURING EXPERT *VOIR DIRE* (DKT. NO. 3138)

Defendant Erick Lopez originally filed a motion requesting that any argument on the qualifications of expert witnesses and any subsequent findings on the relevant expert's qualifications be made outside the presence of the jury (Dkt. No. 3138). The motion did not specify which experts it was directed to and did not articulate any basis for why qualification of any of the experts for trial in the presence of the jury would be unduly prejudicial. At the pretrial conference, defendant Lopez specified that the motion was directed to the gang experts, and the Court clarified that even though it had not been shown that it would be

prejudicial if experts were "qualified" in front of the jury, the parties should refrain from asking the Court to declare to the jury that an expert is qualified (Feb. 15 Tr. 192–93). Accordingly, defendant Lopez withdrew the motion and the motion was **DENIED** as moot.

Regardless, the jury will be instructed that while some witnesses are permitted to give opinion testimony, this opinion testimony should be viewed no differently than other types of testimony. The government has agreed that this is an appropriate method for addressing the concern (Dkt. No. 3277 at 2).

Defendants Cruz-Zavala, Flores, Guevara, Hernandez, and Portillo move to join in the motion (Dkt. Nos. 3175, 3181, 3182, 3186, 3195, 3236). All joinder motions are **GRANTED** except the joinder motion of defendant Portillo. Defendant Portillo's joinder motion is **DENIED** without prejudice to bringing a new motion specific to his trial. Defendant Portillo has been severed for a separate trial and the circumstances — including which experts will testify — may differ.

### 3. CIVILIAN CLOTHING AND SHACKLING (DKT. NO. 2915)

Defendant Cruz-Ramirez moves to appear at trial in civilian clothing and without shackles (Dkt. No. 2915). This motion is **GRANTED IN PART AND DENIED IN PART**. All defendants may appear at trial in civilian clothing. The defendants in the April 4 trial, however, will be restrained on one ankle. This will not be visible to the jury because the trial will be in the secure courtroom.

In order to restrain a defendant at trial, a trial court must: (1) "be persuaded by compelling circumstances that some measure is needed to maintain the security of the courtroom"; and (2) "pursue less restrictive alternatives before imposing physical restraints." *Jones v. Meyer*, 899 F.2d 883, 885 (9th Cir. 2000) (citation omitted). The trial court should weigh the benefits of the restraints against the risk of: (1) jury prejudice; (2) impairment of the defendant's mental faculties; (3) impediment of communication between the defendant and counsel; (4) detraction from the decorum of the judicial proceeding; and (5) pain to the defendant.

The decision to use restraints may be based on the conduct of the defendant outside of court proceedings — the defendant's conduct in settings such as county jail may be considered in making the decision. *Wilson v. McCarthy*, 770 F.2d 1482, 1485 (9th Cir. 1985). Here, there are compelling circumstances that require some form of restraint of the defendants to ensure security in the courtroom during trial. All defendants are alleged to be members of a violent street gang. Since the instant action has commenced, six of the eight defendants proceeding to trial on April 4 have been alleged to have exhibited violent and/or threatening behavior towards codefendants, perceived cooperators, and law enforcement. Specifically, evidence supporting the following has been provided: (1) defendant Guevara threatened to kill a deputy at Glenn Dyer Jail and was caught attempting to send from prison a photograph of two individuals identified as "rats"; (2) defendants Flores and Guillermo Herrera assaulted a codefendant prior to a court appearance; (3) defendant Lopez attacked a codefendant as they were being moved within the courthouse; (4) defendants Cruz-Ramirez and Cruz-Zavala assaulted two deputies at Glenn Dyer Jail, fracturing one deputy's nose; (5) defendant Cruz-Ramirez purportedly gave information to a fellow gang member on certain individuals who needed to be "taken care of"; and (6) defendant Flores attempted to organize an attack and escape from prison transportation.

Although defendants Hernandez and Marvin Carcamo have not been alleged to have participated directly in any of these aforementioned acts, like all of the remaining defendants, they are charged with conspiracy to commit murder and assault with a dangerous weapon in aid of RICO, and there is significant risk that they could harm codefendants, counsel, jurors, court staff, or members of the public. Exacerbating these concerns is that all of the remaining defendants face charges with a maximum term of life imprisonment and have a corresponding incentive to disrupt the proceedings or attempt to escape.

After consultation with the United States Marshals Service, the undersigned has concluded the minimal restriction to ensure court proceedings are secure is the use of a single restraint on one ankle of each defendant. Special arrangements have been made to ensure that these restraints are inaudible and not visible to the jury. Trial will be held in a courtroom that

features a seating area which shields defendants' legs and feet from the jury's view. The defendants will not be required to stand up during trial (although the ankle restraints do permit enough free-range of motion that standing is easily possible) and defendants will not be moved in the presence of the jurors. Additionally, the ankle restraints have been modified and covered in a plastic material so that they are inaudible. The appearance, comfort-level, and sound-level of the shackles have been observed and tested by the undersigned.

Notably, all defendants' hands will be free — which the jurors will be able to see. Although this poses a security risk, this is an adequate compromise between ensuring the jury is not prejudiced and ensuring safety. Each defendant will be seated next to his counsel, which will allow for easy communication with counsel.

Finally, there is no indication that the ankle restraints will cause pain or impair defendants' mental faculties. The undersigned has not received any complaints regarding the restraints that have been used to-date for pretrial hearings, which are far more restrictive than a single ankle restraint for trial.

Defendants Cruz-Zavala, Flores, Franco, Guevara, Guillermo Herrera, Lopez, Hernandez, Portillo, and Velasquez move to join in the motion (Dkt. Nos. 2939, 2970, 3090, 3092, 3095, 3117, 3145, 3149, 3187). All joinder motions are **GRANTED** except those filed by defendants Franco, Velasquez, and Portillo. The joinder motions of defendants Franco, Velasquez, and Portillo are **DENIED** without prejudice to bringing new motions specific to their trial. Defendants Franco, Velasquez, and Portillo have been severed and the security concerns may differ given the smaller number of defendants proceeding to that trial and other logistical differences.

### 4.    COPIES OF DISCOVERY NEAR COURTROOM (DKT. NO. 2944)

Defendant Cruz-Ramirez moves for an order permitting the combined defense to house one full copy of discovery necessary for the conduct of trial either in or near the trial courtroom (Dkt. No. 2944). For good cause shown, the motion is **GRANTED**. A prior order already notified defense counsel that courtroom 17 on the 16th floor of the courthouse would

be made available for the exclusive use of defense counsel as workspace during trial (Dkt. No. 2867).

Defendants Hernandez, Cruz-Zavala, Portillo, Velasquez, Lopez, and Guevara move to join in the motion (Dkt. Nos. 2970, 3092, 3095, 3117, 3171, 3187). All joinder motions are **GRANTED** except those filed by defendants Velasquez and Portillo. The joinder motions of defendants Velasquez and Portillo are **DENIED** without prejudice to bringing new motions specific to their trial. Defendants Velasquez and Portillo have been severed and the need for a separate, dedicated space for defense storage may not be necessary, depending on which courtroom will be used and other logistical issues not yet determined.

### 5. ADVANCE NOTICE OF ALL WITNESSES TO BE CALLED AND INCIDENTS TO BE COVERED DURING TRIAL WEEK (DKT. NO. 3327)

Defendant Cruz-Ramirez moves for advance notice of all witnesses to be called and incidents to be covered during the trial week (Dkt. No. 3327). This motion is **GRANTED IN PART**. As stated at the pretrial conference, the government has agreed to provide the defense with at least two days advance notice of the witnesses that will be called (Feb. 14 Tr. 227; Feb. 15 Tr. 199). Of course, modifications may be made to the government's trial plans, but the notice shall be the government's best good faith estimate as to which witnesses it will call. This will allow for the orderly progression of trial and will greatly facilitate matters, especially given that the government's witness list contains 252 witnesses.

Defendants Cruz-Zavala, Flores, Guevara, Lopez, Hernandez, and Portillo move to join in the motion (Dkt. Nos. 3339, 3340, 3344, 3345, 3348, 3382). All joinder motions are **GRANTED** except the joinder motion of defendant Portillo. Defendant Portillo's joinder motion is **DENIED** without prejudice to bringing a new motion specific to his trial. Defendant Portillo has been severed and the circumstances relevant to his trial may differ.

### 6. MOTIONS TO EXCLUDE PRIOR CONVICTIONS FOR IMPEACHMENT PURPOSES (DKT. NOS. 2942, 3073, 3139)

#### A. Defendant Lopez's Motion to Exclude Misdemeanor Grand Theft Conviction (Dkt. No. 3139)

Defendant Lopez moves to exclude his misdemeanor grand theft conviction for impeachment purposes (Dkt. No. 3139). The motion is **DENIED** as moot. The government

has agreed that it will not use the misdemeanor conviction at trial for any purpose, including impeachment (Feb. 14 Tr. 212–13).

### B.    Defendant Guillermo Herrera's Motion to Exclude Past Misdemeanor Battery Conviction (Dkt. No. 3073)

Defendant Guillermo Herrera moves to preclude impeachment by his prior misdemeanor battery conviction (Dkt. No. 3073). This motion is **GRANTED IN PART AND DENIED IN PART**. The government has agreed that it will not use the conviction for pure impeachment should defendant Guillermo Herrera testify. The government is limited to using the conviction as direct evidence of the charged conspiracies.

As discussed at the pretrial conference, the parties agree that Rule 609 prohibits the battery conviction itself from being used for impeachment during closing arguments (Feb. 14 Tr. 217–18). The parties dispute, however, whether the conduct underlying the conviction may be used for impeachment during closing arguments. This order tentatively finds that although the government may present argument regarding defendant Guillermo Herrera's truthfulness during its closing statement, the government may not directly argue that facts surrounding the battery are specifically indicative of untruthfulness unless the government first demonstrates that those facts are actually probative of truthfulness. Accordingly, a ruling on this issue will be reserved until evidence regarding the misdemeanor conviction is presented at trial. At that time, defendant Guillermo Herrera may renew his motion.

### C.    Defendant Cruz-Ramirez's Motion to Preclude Impeachment by Prior Firearms Conviction and Juvenile Criminal Convictions (Dkt. No. 2942)

Defendant Cruz-Ramirez moves to preclude impeachment by his prior federal firearms conviction and/or juvenile criminal convictions (Dkt. No. 2942). This motion is **GRANTED IN PART AND DENIED IN PART**. The government has taken the same position with respect to defendant Cruz-Ramirez's convictions as it did for defendant Guillermo Herrera's conviction — it has agreed that it will not use the convictions for pure impeachment and will limit its use of the convictions as only direct evidence of the charged conspiracies. The protocol for impeaching defendant Cruz-Ramirez during closing argument with the facts underlying or surrounding the conviction will be identical to the protocol for defendant Guillermo Herrera's

misdemeanor battery conviction.  The convictions themselves may not be used for impeachment during closing argument.  Whether the government may argue during closing argument that the facts underlying the convictions are indicative of truthfulness, however, will be a matter reserved for trial.  At that time, defendant Cruz-Ramirez may renew his motion.

Defendants Hernandez, Cruz-Zavala, Guevara, Velasquez, Portillo, and Flores move to join in the motion (Dkt. Nos. 2970, 3092, 3095, 3117, 3145, 3187).  All joinder motions are **DENIED** except for the motion filed by defendant Flores, which is **GRANTED**.  Except for defendant Flores, no defendant has alleged that they have any juvenile convictions, nor have they asserted which convictions they seek to prevent the government from using for impeachment.  Without this critical information, the propriety of the joinder motions cannot be assessed.

### 7. DEFENDANT FLORES' UNCHARGED CONDUCT (DKT. NO. 3144)

Defendant Flores moves to exclude any testimony concerning his alleged sexual assault of a cooperating witness' sister.  The government has specified that the only reason it would elicit any such testimony would be to disclose any potential bias harbored by the cooperating witness, but agrees that if the defense will not cross-examine the cooperating witness on the issue, the government will not elicit any testimony on the issue (Dkt. No. 3278).  Accordingly, defendant Flores' motion is **GRANTED**.  No reference to the alleged sexual assault of the cooperating witness' sister may be made by either the prosecution or defense at trial without prior permission from the Court.

### 8. STATEMENTS MADE TO INFORMANTS AND COOPERATORS UNAVAILABLE FOR CROSS-EXAMINATION (DKT. NO. 2945)

Defendant Cruz-Ramirez seeks a ruling excluding from trial any statement made by defendant Cruz-Ramirez to an informant or cooperator who is not available for cross-examination and/or who will not testify at trial, including statements by law enforcement witnesses summarizing any such statements (Dkt. No. 2945).  The motion also seeks to exclude any statement attributed to defendant Cruz-Ramirez by any informant or cooperator who cannot be cross-examined where it is clear that the informant or cooperator provided the statements to law enforcement knowing they would be used and where the informant or

cooperator was clearly acting as a surrogate for the officers. The motion, however, does not provide a list of all the statements that are sought to be excluded. In other words, the motion seeks a general statement that the government will not be permitted to violate the Confrontation Clause and the Federal Rules of Evidence. This is too abstract.

As stated at the pretrial conference, the motion is **DENIED** without prejudice to challenges at trial to specific statements (Feb. 14 Tr. 188). Without further information regarding the challenged statements and the context in which they were given, the undersigned cannot determine whether the statements are "testimonial" statements pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004). Furthermore, the motion is largely moot as the government has made clear that it does not intend to introduce evidence that is inadmissible under *Crawford*, the Constitution, or the Federal Rules of Evidence (Dkt. No. 3269; Feb. 14 Tr. 185–86).

Defendants Hernandez, Cruz-Zavala, Portillo, Velasquez, Flores, Lopez, and Guevara move to join in the motion (Dkt. Nos. 2970, 3092, 3095, 3117, 3145, 3176, 3187). These joinder motions are **GRANTED**.

### 9. DRUG IDENTIFICATION EXPERT TESTIMONY (DKT. NO. 2943)

Although the government has indicated it does not intend to present expert evidence on drug identification, defendant Cruz-Ramirez moved to preclude the government from introducing opinion testimony of drug identification where: (1) there is no drug identification lab report; or (2) the alleged drugs have been lost or destroyed (Dkt. No. 2943). The government does not oppose the motion because, as it has previously stated, it does not intend to introduce any such testimony (Dkt. No. 3276). Accordingly, as stated at the pretrial conference, this portion of the motion is **DENIED** as moot (Feb. 14 Tr. 181).

Defendant Cruz-Ramirez also seeks to preclude lay witnesses from identifying at trial drug evidence that has been destroyed. As stated at the pretrial conference, this request is **DENIED** without prejudice to specific challenges (Feb 14 Tr. 182–183). The government has agreed to make an inquiry regarding whether it will even utilize any lay witness testimony regarding drugs that were seized by the police or other authorities but have been subsequently

1  destroyed (Feb. 14 Tr. 184). If it turns out that the government intends to use such testimony,

2  the testimony may be challenged with respect to such specific instances.

3      Defendants Cruz-Zavala, Flores, Guevara, Guillermo Herrera, Hernandez, Lopez,

4  Portillo, and Velasquez move to join in the motion (Dkt. Nos. 2970, 3049, 3092, 3095, 3117,

5  3145, 3170, 3187). All joinder motions are **GRANTED** except those filed by defendants

6  Velasquez and Portillo. The joinder motions of defendants Velasquez and Portillo are

7  **DENIED** without prejudice to bringing new motions specific to their trial. Defendants

8  Velasquez and Portillo have been severed and the relevant circumstances may differ.

9      **10.    MOTION TO EXCLUDE GRUESOME/REPETITIVE HOMICIDE PHOTOGRAPHS**
        **AND PHOTOGRAPHS OF HOMICIDES NOT CHARGED AGAINST DEFENDANT**
10       **CRUZ-RAMIREZ (DKT. NO. 2916)**

11      As stated at the pretrial conference, the government must prove the homicides and the

12  circumstances of the homicides, so a reasonable number of photographs will be permitted as

13  to each. At some point, the photographs will be too repetitive and will be excluded. The

14  motion is **DENIED** without prejudice to re-raising when that point has been reached.

15      As Attorney Philipsborn and Assistant United States Attorney Frentzen agreed at the

16  pretrial conference, they are to meet and confer to try to vet the photographs in advance and

17  resolve any disputes in an orderly fashion (Feb. 14 Tr. 144). Defense counsel have agreed

18  that Attorney Philipsborn may represent the defense collectively at this meet and confer.

19      Defendants Hernandez, Franco, Guillermo Herrera, Cruz-Zavala, Portillo, Velasquez,

20  Flores, Lopez, and Guevara move to join in the motion (Dkt. Nos. 2970, 2939, 3090, 3092,

21  3095, 3117, 3145, 3167, 3187). All joinder motions are **GRANTED** except those filed by

22  defendants Velasquez and Portillo. The joinder motions of defendants Velasquez and Portillo

23  are **DENIED** without prejudice to bringing new motions specific to their trial. Defendants

24  Velasquez and Portillo have been severed and they may need to engage in a separate meet-

25  and-confer process with the government.

26      **11.    MOTION TO EXCLUDE EVIDENCE OF GLENN DYER JAIL INCIDENTS (DKT.**
        **NO. 3156)**
27

28  Defendant Guevara moves to exclude evidence of two incidents that took place at the
    Glenn Dyer Detention Facility: (1) an incident where defendant Guevara allegedly possessed

United States District Court

For the Northern District of California

1    contraband razor blades in his cell, threatened a deputy, and brandished his MS-13 tattoos;

2    and (2) an incident where defendant Guevara allegedly attempted to smuggle photographs

3    identifying three suspected government informants as "rats" out of prison (Dkt. No. 3156).

4    The motion is **DENIED**.

5         The incidents are relevant to the charges against defendant Guevara as the incidents

6    speak to the existence of MS-13, defendant Guevara's participation in MS-13, consciousness

7    of guilt, continued participation in MS-13 after arrest, and the nature of MS-13. Defendant

8    Guevara prominently displayed his gang-affiliation in one incident and sought to identify

9    "enemies" of MS-13 in the other.

10        Evidence of the incidents is similarly not barred by Rule 404(b) as the incidents are

11   directly probative of elements of the racketeering conspiracy charges — the existence of the

12   racketeering conspiracy and defendant Guevara's membership in it. Moreover, even if the

13   incidents were "other acts" under Rule 404(b) — which they are not — the incidents are

14   admissible as proof of defendant Guevara's intent, knowledge, or absence of mistake.

15   Defendant Guevara's alleged behavior demonstrates a knowing membership and/or

16   association with MS-13 and a desire to further MS-13's interests.

17        Finally, the danger of *unfair* prejudice does not outweigh the probative value of the

18   evidence. Prejudice alone is not enough — the prejudice must be unfair in that it risks luring

19   the "factfinder into declaring guilt on a ground different from proof specific to the offense

20   charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The incidents are directly

21   relevant to the instant case and evidence of the incidents is thus not unfairly prejudicial.

22   Regardless, the direct relevance and probative nature of the evidence outweighs any

23   prejudice.

24        Defendants Cruz-Zavala, Guillermo Herrera, and Hernandez move to join in the

25   motion (Dkt. Nos. 3185, 3236, 3158). These joinder motions are **GRANTED**. Defendant

26   Guillermo Herrera's request for severance from defendant Guevara should the incidents not

27   be excluded is **DENIED**. Defendant Guillermo Herrera is a codefendant to defendant Guevara

28

1    and is charged with conspiracy — and the incidents were allegedly in furtherance of the

2    conspiracy and provide insight into the nature of the conspiracy.  Severance is not warranted.

### 12.    MOTION TO EXCLUDE ALL REFERENCES TO VERONICA HERNANDEZ AS RELATED TO DECEMBER 2007 STABBINGS (DKT. NO. 3133)

4    Defendant Guevara moves to exclude all references to Veronica Hernandez as related

5    to the December 2007 stabbings.  The motion is **DENIED** as moot as it was withdrawn at the

6    pretrial conference (Feb. 14 Tr. 169).  The government is reminded, however, that it cannot

7    call Ms. Hernandez in the presence of the jury if she will exercise her Fifth Amendment right

8    against self-incrimination.  Accordingly, she should not be called until the government

9    determines whether she will or will not testify.

### 13.    MOTION TO EXCLUDE TESTIMONY OF COOPERATING WITNESSES WHO HAVE RECEIVED PAYMENT OR OTHER CONSIDERATION (DKT. NO. 2941)

12    Defendant Cruz-Ramirez moves to exclude all testimony of cooperating witnesses

13    who have received payment or other consideration, or in the alternative, requests that the

14    defense be permitted to offer grants of judicial immunity to certain witnesses (Dkt. No. 2921;

15    Feb. 14 Tr. 178–179).  For the reasons stated at the pretrial conference, the motion is **DENIED**

16    without prejudice to specific requests for judicial immunity for certain witnesses where

17    appropriate (Feb. 14 Tr. 181).

18    Defendants Cruz-Zavala, Flores, Franco, Guevara, Hernandez, Guillermo Herrera,

19    Lopez, Portillo, and Velasquez move to join in the motion (Dkt. Nos. 2970, 3049, 3090, 3092,

20    3095, 3117, 3145, 3169, 3187).  These joinder motions are **GRANTED**.

### 14.    MOTION FOR EXCLUSION OF POST-ARREST INCIDENTS, STATEMENTS, JAIL-RELATED CONDUCT ISSUES NOT CHARGED IN CURRENT INDICTMENT OR COVERED IN GANG EXPERT DISCLOSURES (DKT. NO. 3328)

23    Defendant Cruz-Ramirez moves to exclude all post-arrest incidents, statements, and

24    jail-related conduct not charged in the current indictment or covered in the gang expert

25    disclosures pursuant to Rule 403.  The motion is **GRANTED IN PART AND DENIED IN PART**.

26    The motion only presents one specific example of an incident it seeks to exclude — the May

27    2010 fight between defendant Cruz-Ramirez, Cruz-Zavala, and a jail deputy.  With respect to

28    this specific challenge, the motion is **PROVISIONALLY GRANTED**.  The parties are

provisionally ordered not to make any mention of the May 2010 fight until the Court can see how probative it will be for the issues in play, particularly the extent to which the suggestion is made to the jury that either defendant Cruz-Zavala or defendant Cruz-Ramirez ceased participation in gang activities by May 2010. No reference shall be made to the incident until the Court has an opportunity to revisit the question.

The remainder of the motion is **DENIED** without prejudice to challenges to specific incidents. In this instance, the necessary information is in possession of defendants because each defendant knows what he has done while in custody and can be specific. If post-arrest conduct is sought to be excluded, more specificity must be provided as to the specific incidents that should be excluded under Rule 403 and why.

Defendants Cruz-Zavala, Flores, Guevara, Guillermo Herrera, Hernandez, Lopez, and Portillo move to join in the motion (Dkt. Nos. 3338, 3339, 3340, 3344, 3345, 3348, 3383). These joinder motions are **GRANTED.**

**15.    COCONSPIRATOR STATEMENTS AND ACTS PRIOR TO DEFENDANTS REACHING AGE OF MAJORITY AND/OR PRIOR TO ENTRY INTO THE CONSPIRACY (DKT. NOS. 2918, 2921, 3137, 3142)**

Defendants Lopez and Cruz-Ramirez move to exclude acts and/or statements made by coconspirators prior to their entry into the conspiracy (Dkt. Nos. 2918, 3137). These motions are **DENIED**.[1] Although a defendant cannot be held substantively liable for the acts of coconspirators prior to entry into the conspiracy, the acts and statements of coconspirators predating a defendant's entry may be admitted as evidence of the existence and scope of the conspiracy.

Defendants Cruz-Ramirez and Flores also move to exclude evidence of all acts or statements of coconspirators that occurred prior to when they reached the age of majority

---

[1] Defendants Cruz-Zavala, Flores, Franco, Guevara Hernandez, Guillermo Herrera, Portillo, and Velasquez move to join in defendant Cruz-Ramirez's motion (Dkt. Nos. 2939, 2970, 3090, 3092, 3095, 3117, 3145, 3187). Defendants Cruz-Zavala, Guevara, Hernandez, and Portillo move to join in defendant Lopez's motion (Dkt. Nos. 3185, 3175, 3236, 3195). These joinder motions are **GRANTED**.

(Dkt. Nos. 2921, 3142).  These motions are **DENIED IN PART**.[2]  Pre-majority evidence of a conspiracy is admissible to prove the scope of the conspiracy where a juvenile continues conspiratorial conduct past the age of majority.  Although an adult defendant cannot be convicted solely on the basis of acts of juvenile delinquency, post-majority participation in a conspiracy will allow that defendant to be properly charged with the conspiracy.  *See United States v. Baker*, 10 F.3d 1374, 1419 (9th Cir. 1993), *overruled on other grounds*.  Although our court of appeals has not yet ruled on this exact issue, the Eleventh Circuit has explained that evidence of the entire scope of the conspiracy is admissible to prove the scope of the conspiracy, even if that evidence relates to pre-majority conduct.  *United States v. Cruz*, 805 F.2d 1464, 1476 (11th Cir. 1986).  Accordingly, so long as the government lays the appropriate foundation at trial, the statements will be admissible with respect to the conspiracy counts.

Acts and statements of coconspirators that occurred prior to the defendants' age of majority, however, are not admissible to prove up the substantive counts.  Defendant Flores specifically challenges evidence supporting Count 4 — the substantive firearms charge against him.  There is a risk of juror confusion regarding the proper use of evidence with respect to substantive charges versus the conspiracy charges.  The Court will thus postpone ruling with respect to Count 4 until it can see what issues are in play with respect to Count 4 and the conspiracy counts.  After trial is underway and the Court is able to discern how the issues are shaping up, it will make a judgment call on whether the contested evidence is merely cumulative and probative.  Until the Court makes a final ruling, neither side can reference the statements or evidence regarding defendant Flores': (1) involvement in a June 2004 shooting; (2) statement in September 2006 that he shot someone; (3) admission to shooting someone in the Richmond in early 2005; (4) shooting at two Nortenos in late 2004 or early 2005; and (5) admission to killing someone near 24th and Harrison in 2005.  This is not

---

[2]  Defendants Cruz-Zavala, Franco, Guevara, Hernandez, Guillermo Herrera, Lopez, Portillo, and Velasquez move to join in defendant Cruz-Ramirez's motion (Dkt. Nos. 2970, 2939, 3090, 3092, 3095, 3117, 3168, 3187).  Defendants Hernandez and Walter Cruz-Zavala move to join in defendant Flores' motion (Dkt. Nos. 3236, 3242).  These joinder motions are **GRANTED**.

a question of whether the statements are admissible as coconspirator statements under Rule 801(d)(2)(E), but whether the statements run afoul of Rule 403.

As a seeming back-up to the exclusion motions, defendant Cruz-Ramirez moves for the government to be required to make an offer of proof regarding the timing of his entry into the conspiracy and for a jury instruction regarding the permissible use of evidence pre-dating his entry into the conspiracy (Dkt. No. 2922).  This motion is **DENIED IN PART AND GRANTED IN PART**.[3]  The jury will be instructed regarding the proper use of any acts or statements of coconspirators prior to defendant Cruz-Ramirez's reaching the age of majority and/or entry into the conspiracy.  The exact contours of this instruction will be determined during trial.  The government, however, will not be required to make an advance showing as to the exact timing of defendant Cruz-Ramirez's entry into the conspiracy.  This is a foundational matter that the government may demonstrate at trial.  The defendants have already been notified of the dates that they purportedly entered the conspiracy and there is no need for the government to prove it up at this point (Dkt. No. 1655).

### 16. POST-ARREST COCONSPIRATOR STATEMENTS/ACTS (DKT. NOS. 2919, 3137)

Defendant Cruz-Ramirez moves to exclude evidence of acts by coconspirators that occurred after he was arrested (Dkt. No. 2919).  This motion is **DENIED** without prejudice to particularized Rule 403 motions being brought as the trial progresses.  Where a conspirator has not withdrawn or abandoned the conspiracy, the arrest or incarceration of a conspirator does not automatically mean that a conspirator is no longer part of the conspiracy.  *See United States v. Jiminez-Recio*, 537 U.S. 270, 275 (2003).  Even if the government "defeats" or frustrates the conspiracy's objective, the conspiracy may be considered to be alive and well.  *See United States v. Lothian*, 976 F.2d 1257, 1261 (9th Cir. 1992).  The actions and statements of an unarrested coconspirator who is still operating in furtherance of the conspiracy is still admissible against an arrested coconspirator to prove existence of the conspiracy.  *United States v. Wentz*, 456 F.2d 634, 637 (9th Cir. 1972).

---

[3] Defendants Cruz-Zavala, Franco, Guevara, Hernandez, Guillermo Herrera, Lopez, Portillo, and Velasquez move to join in the motion (Dkt. Nos. 2939, 2970, 3092, 3095, 3117, 3145, 3168, 3187).  These joinder motions are **GRANTED**.

Although the evidence is admissible to show the existence of the conspiracy, it may be that the probative value of the evidence will eventually be outweighed by the prejudicial impact. At a later point in the trial, defendants may bring new, particularized motions to exclude further evidence of this type as cumulative and prejudicial under Rule 403.

Defendant Lopez makes a variation of this argument and claims that his *deportation* (rather than arrest) in 2006 amounted to a withdrawal from the conspiracy because his deportation made it "impossible" for him to withdraw (Dkt. No. 3137). This motion is **DENIED**. As stated at the pretrial conference, defendant Lopez has provided no authority for the proposition that deportation is tantamount to withdrawal and defendant Lopez failed to make a showing that deportation prevented him from taking steps to withdraw — such as writing a letter or making a telephone call.[4]

Defendants Cruz-Zavala, Flores, Hernandez, Guevara, Guillermo Herrera, Portillo, and Velasquez move to join in defendant Cruz-Ramirez's motion (Dkt. Nos. 2939, 2970, 3092, 3095, 3117, 3145, 3187). Defendants Cruz-Zavala, Guevara, Hernandez, and Portillo move to join in defendant Lopez's motion (Dkt. Nos. 3185, 3175, 3195, 3236). These joinder motions are **GRANTED**.

### 17. ADEQUACY OF COCONSPIRATOR STATEMENT SUMMARIES (DKT. NO. 3121)

Defendant Guillermo Herrera moves for referral to a magistrate judge to determine which coconspirator summaries provided by the government pursuant to the scheduling order are inadequate (Dkt. No. 3121). As stated at the pretrial conference, given the rapidly approaching trial date, the motion is **DENIED IN PART AND GRANTED IN PART**. The summaries will not be referred to a magistrate for review. That would plainly derail the trial and take weeks. Instead, the undersigned will review the summaries and determine which summaries, if any, are inadequate. If a summary is deemed inadequate, the government will be required to supplement the summary or the summarized statement may be precluded from use at trial.

---

[4] As stated at the pretrial conference, if defendant Lopez locates any case law that holds that deportation is tantamount to withdrawal from a conspiracy, he may re-bring the motion with the additional legal authority provided.

As stated at the pretrial conference, the specific challenges raised to item 90 (page 46) and item 155 (page 53) of the government's coconspirator statement summaries are **DENIED** (Feb. 14 Tr. 63, 70).

Defendants Cruz-Ramirez, Cruz-Zavala, Flores, Guevara, Hernandez, Lopez, and Portillo move to join in the motion (Dkt. Nos. 3147, 3148, 3159, 3183, 3185, 3198, 3236, 3277). All joinder motions are **GRANTED** except the joinder motion of defendant Portillo. Defendant Portillo's joinder motion is **DENIED** without prejudice to bringing a new motion specific to his trial. Defendant Portillo has been severed for a separate trial and the circumstances relevant to his trial may differ.

### 18.    COCONSPIRATOR STATEMENTS BASED ON INSUFFICIENT PROOF OF PARTICIPATION OR MEMBERSHIP (DKT. NOS. 2917, 3143)

Defendant Flores moves to exclude coconspirator statements on the ground that the government's *summaries* do not establish that the declarant was a member of the conspiracy when the statement was made.[5] Specifically, defendant Flores challenges 67 summaries as insufficient. The motion is **GRANTED IN PART AND DENIED IN PART**.

No statements will be excluded at this juncture on the basis that the government has not yet established the foundational requirements for showing that the statement is indeed a coconspirator statement. As defense counsel acknowledged, the government may establish these foundational requirements at trial (Feb. 14 Tr. 89–90, 94). Accordingly, the coconspirator statements will be conditionally admitted subject to connection under Rule 104(b). At trial, the government must demonstrate that: (1) a conspiracy existed which involved the declarant and the non-offering party; (2) the statement at issue was made during the course of the conspiracy; and (3) the statement was made in furtherance of the conspiracy. Helpfully, the government's summaries specify which statements will be introduced by which witness. Accordingly, where the defense anticipates a specific statement will be introduced by a witness and the government will not be able to make the foundational showing required,

---

[5] At the pretrial conference, counsel for defendant Flores admitted that his own investigation provided him with some information as to who certain declarants were, even if the summaries did not specify as much (Feb. 14 Tr. 77–78).

1    the defense should make a specific motion as to that statement prior to the witness' testimony.

2    Alternatively, if the witness testifies to the statement but it is later shown that the foundational

3    requirements were not met, on defense motion, the undersigned will give a curative

4    instruction to the jury, allow the prosecution to reopen the case to establish foundation, or in

5    extreme cases, declare a mistrial.

6         In order to ensure the orderly progression of trial, however, the 67 challenged

7    summaries will be reviewed to determine whether they are inadequate under the scheduling

8    order (Feb. 14 Tr. 94–95).  If any summaries are deemed inadequate, the statement may be

9    excluded or the government will be ordered to supplement the summary.

10        Similarly, defendant Cruz-Ramirez moves to exclude coconspirator statements on the

11   basis that the government has not yet provided sufficient proof of his participation in the

12   conspiracy for the *majority* of the time charged in the indictment (Dkt. No. 2917).  This

13   motion is **DENIED**.  The motion fails to challenge specific statements as being made at a time

14   when they could not be considered coconspirator statements admissible to prove the existence

15   of the conspiracy.  A general assertion that the government has insufficient proof to show that

16   defendant Cruz-Ramirez was a participant in the conspiracy for the *majority* of the time does

17   not render the statements inadmissible as coconspirator statements.  Defendant Cruz-Ramirez

18   has not provided evidence that he did not ratify the statements after he reached the age of

19   majority, nor has he provided evidence of withdrawal from the conspiracy — which, as

20   previously stated, are critical factors to determining whether the statements are admissible to

21   prove the existence and scope of the conspiracy.

22        Regardless, as explained above in the context of defendant Flores' motion,

23   coconspirator statements may be conditionally admitted subject to connection under Rule

24   104(b).  Defendant Cruz-Ramirez may bring motions challenging specific statements at trial

25   prior to witness testimony, or may bring a motion at the close of the government's case if the

26   foundational requirements are not met.

27        Defendants Cruz-Zavala, Hernandez, Guevara, Guillermo Herrera, Portillo, and

28   Velasquez move to join in defendant Cruz-Ramirez's motion (Dkt. Nos. 2939, 2970, 3090,

3092, 3095, 3117).  Defendants Cruz-Zavala, Hernandez, Franco, Guevara, Guillermo Herrera, and Portillo move to join in defendant Flores' motion (Dkt. Nos. 3185, 3236, 3146, 3187, 3240).  All joinder motions are **GRANTED** except the joinder motions of defendants Velasquez, Franco, and Portillo.  Their joinder motions are **DENIED** without prejudice to bringing new motions specific to their trial.  Defendants Velasquez, Franco, and Portillo have been severed and the circumstances relevant to their trial may differ.

### 19.   DISCLOSURE OF PREVIOUSLY UNDISCLOSED OPERATIVES, COOPERATORS, INFORMANTS AND EXCULPATORY AND IMPEACHING EVIDENCE (DKT. NO. 2995)

Defendant Cruz-Ramirez moves for disclosure of all previously undisclosed operatives, cooperators, informants, and exculpatory and impeaching evidence regarding those operatives, cooperators, and informants (Dkt. No. 2995).  At the pretrial conference, the government agreed to produce additional disclosures which may render the motion moot.  Accordingly, as stated at the pretrial conference, the motion is tabled until the defense receives and reviews these additional disclosures (Feb. 14 Tr. 48).  It is up to defense counsel, however, to renew the motion if it believes the additional disclosures are inadequate to rendering the motion moot.  Otherwise, the motion will be deemed withdrawn.

Defendants Cruz-Zavala, Flores, Franco, Guevara, Hernandez, Portillo, and Velasquez move to join in the motion (Dkt. Nos. 2998, 3090, 3092, 3095, 3117, 3145, 3187).  All joinder motions are **GRANTED** except the joinder motions of defendants Velasquez, Franco, and Portillo.  Their joinder motions are **DENIED** without prejudice to bringing new motions specific to their trial.  Defendants Velasquez, Franco, and Portillo have been severed and the circumstances relevant to their trial may differ.

### 20.   EXCLUSION OF "OTHER ACTS" EVIDENCE (DKT. NO. 3153)

Defendant Guillermo Herrera moves to exclude acts that do not appear on the face of the indictment, arguing that the government has failed to provide sufficient Rule 404(b) notice.  As stated at the pretrial conference, the motion is **DENIED** without prejudice to challenges to specific items (Feb. 14 Tr. 209–10).  As is, the motion is too vague and the undersigned will not place the burden on the government to prove at this juncture that every

act it intends to use is direct proof of the charged offenses or is inextricably intertwined with the proof. Instead, it is up to the defendants to raise — via oral motion or written motion — specific acts that may be "other acts" under Rule 404(b).

Defendants Cruz-Zavala, Flores, Guevara, Hernandez, Lopez, and Portillo move to join in the motion (Dkt. Nos. 3175, 3177, 3185, 3195, 3216, 3236). All joinder motions are **GRANTED** except the joinder motion of defendant Portillo. Defendant Portillo's joinder motion is **DENIED** without prejudice to bringing a new motion specific to his trial. Defendant Portillo has been severed and the circumstances relevant to his trial may differ.

### 21. RECORDINGS MADE BY "UNSUPERVISED" INFORMANTS (DKT. NOS. 3150, 3179)

Defendants Franco and Guillermo Herrera move to exclude recordings made at the "discretion" of "unsupervised" informants (Dkt. Nos. 3150, 3179). As stated at the pretrial conference, the motions are **DENIED** without prejudice to the bringing of directed challenges to specific recordings. The mere fact that the informants had discretion to turn on and off the devices is not a basis to exclude for the obvious reason that informants are oftentimes placed in dangerous situations and must have the discretion for their own safety, among other reasons.

At the time recordings are offered at trial, counsel may cross-examine the sponsor of the recordings to develop a foundation from which it can be concluded that the manner of recording is so selective as to be unworthy of admission. This will be done in the presence of the jury since it will not be so inflammatory that an order to disregard the recording would be futile.

Defendants Cruz-Zavala, Flores, Guevara, Hernandez, Guillermo Herrera, and Portillo move to join in defendant Franco's motion (Dkt. Nos. 3152, 3175, 3179, 3180, 3185, 3195, 3236). These joinder motions are **GRANTED**. Defendants Hernandez, Lopez, Portillo, and Velasquez move to join in defendant Guillermo Herrera's motion (Dkt. Nos. 3217, 3236, 3256, 3357). These joinder motions are also **GRANTED**.

### 22. CORPUS DELICTI DOCTRINE (DKT. NO. 3140)

Defendant Flores moves to exclude all evidence of crimes he allegedly committed

until after the government first produces independent evidence that the crimes actually occurred (Dkt. No. 3140). The motion is **DENIED**.

When the government seeks to rely on a defendant's confession or admission to meet its burden of proof, the *corpus delicti* doctrine provides that the government is required to provide corroborative evidence that the criminal conduct actually occurred and that the confession/admission was trustworthy. *See United States v. Lopez-Alvarez*, 970 F.2d 583, 592 (9th Cir. 1992). Defendant Flores, however, has provided no authority that dictates that the corroborative evidence must be provided before the confession or admission is admitted. Instead, as defendant Flores' reply brief acknowledges, the confessions/admissions may be admitted but if the government fails to provide adequate corroborative evidence, the evidence is to be stricken and a proper jury instruction given (Reply 4).

Notably, the purpose of the *corpus delicti* doctrine is to guard against uncorroborated confessions or admissions serving as the sole basis for conviction of a criminal charge or proof of an essential element of the crime. As explained in *Opper v. United States*, 348 U.S. 84, 91 (1954), although the *corpus delicti* doctrine applies to admissions, it applies to those "statements of the accused out of court that show essential elements of the crime . . . necessary to supplement an *otherwise inadequate basis for a verdict of conviction*" (emphasis added). It is unlikely that the government's sole evidence of any of the essential elements of the crimes charged will be a defendant's own confession or admission. Requiring the government to provide corroborative evidence before allowing it to introduce any confessions or admissions would pose an onerous and unnecessary burden given that most elements — if not all elements — of the crimes charged will *not* be solely based on a defendant's confession or admission. A better course of action is for defendants to bring *corpus delicti* motions when those motions are ripe after the presentation of evidence.

Defendants Cruz-Zavala, Guevara, Hernandez, Guillermo Herrera, Lopez, and Portillo move to join in the motion (Dkt. Nos. 3242, 3226, 3236, 3435, 3215, 3239). All joinder motions are **GRANTED** except the joinder motion of defendant Portillo. Defendant Portillo's joinder motion is **DENIED** without prejudice to bringing a new motion specific to his trial.

Defendant Portillo has been severed for a separate trial and the circumstances relevant to his trial may differ.

### 23.    PERMISSION TO FILE ADDITIONAL OBJECTIONS (DKT. NO. 3329)

Defendant Cruz-Ramirez moves for permission to file additional objections and motions to exclude government evidence as additional disclosures are made by the government (Dkt. No. 3329). As stated at the pretrial conference, this motion is **GRANTED IN PART AND DENIED IN PART** (Feb. 14 Tr. 211–12). As additional disclosures are made, new evidence discovered, and as trial progresses, the parties will of course be able to bring additional motions and objections. There may be circumstances, however, where a motion or objection clearly should have been noticed for the pretrial conference or an even earlier date. As such, the moving party should be prepared to explain why any such motion should not be denied as untimely.

Defendants Cruz-Zavala, Flores, Guevara, Hernandez, Lopez, and Portillo move to join in the motion (Dkt. Nos. 3339, 3340, 3344, 3345, 3348, 3384). These joinder motions are **GRANTED.**

### GOVERNMENT MOTIONS *IN LIMINE* (DKT. NO. 3020)

The government moves for a number of *in limine* rulings, mostly regarding general conduct at trial. Defendants Flores and Guillermo Herrera filed oppositions in response to the motions *in limine* (Dkt. Nos. 3266, 3293). Defendants Lopez, Portillo, Guevara, Hernandez, Cruz-Zavala, Cruz-Ramirez, and Guillermo Herrera move to join in defendant Flores' opposition (Dkt. Nos. 3300, 3303, 3323, 3325, 3334, 3338, 3340). Defendants Hernandez, Lopez, Portillo, Guevara, Cruz-Zavala, Velasquez, and Cruz-Ramirez move to join in defendant Guillermo Herrera's opposition (Dkt. Nos. 3300, 3303, 3323, 3325, 3334, 3340, 3357). All joinder motions are **GRANTED** except those filed by defendants Velasquez and Portillo. Defendants Velasquez and Portillo have been severed for a separate trial and the government may choose to bring different motions *in limine* and the issues may differ.

The rulings on the government's motions *in limine* are as follows.

### 1. EXTRINSIC EVIDENCE FOR IMPEACHMENT

The government seeks to generally preclude the use of extrinsic evidence for impeachment. As stated at the pretrial conference, the motion is **DENIED** without prejudice to specific challenges being brought at the proper time (Feb. 16 Tr. 23).

### 2. CONSIDERATION OF EVIDENCE ALREADY IN THE RECORD

The government reminds the Court that under Rule 104(a) the Court "can and should" consider evidence already presented in the proceedings to date in determining the admissibility of evidence at trial, specifically when determining the admissibility of coconspirator statements.

The defense does not oppose this understanding of Rule 104(a) but argues that the government has not yet provided a sufficient foundation to support the admission of coconspirator statements. As discussed in the context of the defense pretrial motions, coconspirator statements will only be conditionally admitted, subject to the required foundational elements being proven up at trial. The defense's concern that the government has not yet proven all foundational elements as to all coconspirator statements is premature.

Defendant Flores has expressed concern that *ex parte* material has been relied upon in determining the admissibility of coconspirator statements. To clarify, the undersigned has not and will not rely on *ex parte* submissions in determining whether the foundational requirements have been met for admission of coconspirator statements.

### 3. ADMISSION OF COOPERATION AGREEMENTS

The government seeks a ruling finding cooperation agreements relevant and admissible when the defense has attacked the credibility of cooperators on the basis of their agreements with the government. Specifically, the dispute centers around whether the government may introduce cooperation agreements during direct examination if the defense attacks the credibility of a witness during opening statements. Additionally, the parties dispute the specific admissibility of the truthfulness provision of the agreements.

The government's motion is **GRANTED IN PART**. The cooperation agreements — including the truthfulness provisions — will be admissible on direct examination *if* during

23

opening statements the defense specifically attacks the witness' credibility because of his/her cooperation. Our court of appeals has explained the "vouching" concern arises where the prosecution refers to an agreement's requirement of truthfulness *before* the issue of bias is drawn. As explained in *United States v. Wallace*, 848 F.2d 1464, 1474 (9th Cir. 1988), "[r]eferences to truthfulness requirements in plea agreements do not constitute vouching when made in response to attacks on the witness's credibility because of the plea agreement" (citation omitted). The authorities relied on by the defense involve circumstances where the prosecution raised the issue of plea agreement terms *prior* to the defense. For example, in *United States v. Shaw*, 829 F.2d 714, 716–17 (9th Cir. 1987), the prosecutor called the jury's attention to the plea agreement and its requirement of truthful testimony during its *opening statement*. This would clearly be impermissible, but the government has offered its assurances that it will not call attention to the plea agreement on direct examination unless the defense first attacks credibility on that basis in opening statements.

Before the government may introduce evidence of the cooperation agreement for a particular witness, however, the government must first notify the defense so that there is sufficient opportunity for objections to be made in the event that there is a dispute as to whether the witness' credibility was attacked due to cooperation.

### 4.      REQUIREMENT TO PROFFER BASIS OF ANY *HENTHORN* QUESTIONS

The government moves to require defendants to proffer the basis for any *Henthorn* based questions prior to questioning a witness with such questions. This motion is **GRANTED IN PART**. As stated at the pretrial conference, the procedure will be that all *Henthorn* issues must be vetted with the Court in advance of questioning except where the question is regarding an express, sustained finding of untruthfulness, a false statement, or a false report (Feb. 16 Tr. 33). In those instances, no prior permission will be needed. In all events, the government shall not tip the hand of the defense to the officer that will be questioned.

### 5.      EVIDENTIARY BASIS FOR DURESS, SELF-DEFENSE CLAIMS, AND THIRD PARTY GUILT DEFENSES

The government seeks an order requiring defendants to provide an evidentiary basis for any affirmative defense of duress, self-defense, or third-party culpability before any

defendant is permitted to assert the defense at trial. As stated at the pretrial conference, this request is **DENIED** without prejudice to the government re-bringing the motion if it becomes apparent that any particular defendant is wasted time by arguing an affirmative defense that is nothing more than a "side-show" (Feb. 16 Tr. 60).

### 6. REFRESHING RECOLLECTION

The government seeks an order requiring the parties to properly refresh recollection. Of course, both sides must use the proper procedure to refresh recollection at trial. As discussed at the pretrial conference, the parties shall not read out loud from a document in evidence and ask the witness whether their his/her recollection is then refreshed. The witness must first state that he or she cannot remember something. Then, the item may be given to the witness to read silently.

### 7. IMPROPER SPEAKING OBJECTIONS

The government requests that the defense be precluded from making speaking objections with no proper purpose. In response, the defense requests civility during defense examinations. As stated at the pretrial conference, the undersigned is confident that defense counsel and government counsel will conduct themselves professionally and appropriately at trial and will not improperly disrupt examinations (Feb. 16 Tr. 79–81).

### 8. ARGUING NEGATIVE INFERENCES DUE TO ABSENCE OF A PARTICULAR TYPE OF EVIDENCE OR FORENSIC EVIDENCE

The government seeks to preclude the defense from arguing that the jury cannot convict without a particular type of evidence. As is, the motion is too vague. There is no universal bar against defense comments regarding the government's failure to present witnesses or evidence, although in some instances certain arguments may be improper. The motion is **DENIED** without prejudice to re-raising with respect to specific instances.

**IT IS SO ORDERED.**

Dated: March 3, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE