IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
| Plaintiff, | |
| v. | **ORDER RE REQUESTS TO WITHDRAW AS COUNSEL** |
| JONATHAN CRUZ-RAMIREZ, *et al*. | |
| Defendants. | |

Counsel for defendant Jonathan Cruz-Ramirez — Attorneys John Philipsborn and Susan Raffanti — and counsel for defendant Angel Noel Guevara — Attorney Lupe Martinez — move to withdraw as counsel for their respective clients (Dkt. Nos. 5405, 5419). As counsel have already filed notices of appeal on behalf of their clients, however, the undersigned no longer retains jurisdiction over the matter. *See* Circuit Rule 4-1(a) ("If counsel was appointed by the district court pursuant to 18 U.S.C. 3006A and a notice of appeal has been filed, counsel's appointment automatically shall continue on appeal"); Circuit Rule 4-1(c) ("A motion to withdraw as counsel on appeal after the filing of the notice of appeal . . . shall be filed with the Clerk of [the court of appeals] . . . .")

Nonetheless, it is the undersigned's strong recommendation that Attorneys Philipsborn and Martinez remain appointed counsel on appeal. A record-breaking amount of CJA funds were spent on the instant case and the number of docket entries (currently 5,547) far exceeds any other case the undersigned has encountered and it is believed to be the largest docket in any case in this

Court's history. Given the length of the case and trial, gargantuan record, and complexity of issues, an extreme burden would be put on replacement counsel and our court of appeals should trial counsel be permitted to withdraw. Both Attorneys Philipsborn and Martinez are virtually irreplaceable and should not be lost.

In contrast, it would not unduly burden the appellate process to excuse Attorney Raffanti from her representation of defendant Cruz-Ramirez and allow her to move forward with her desire to retire from the practice of law, as Attorney Philipsborn has a greater familiarity with the trial record and the add-on services of Attorney Raffanti are not necessary for appeal.

The undersigned further recommends that *additional* appellate counsel be appointed to work with Attorneys Philipsborn and Attorney Martinez. This would mitigate Attorney Philipsborn's concerns regarding his 2012 workload, Attorney Martinez's desire to taper into retirement, and both attorneys' claimed lack of comfort with appellate law practice. Although this arrangement would result in two appellate attorneys for each defendant, it is the undersigned's view that this arrangement would be more cost-effective than requiring brand new appellate counsel to proceed alone. To this end, the Federal Defender's Office is requested to identify appellate counsel that could serve as co-counsel on appeal.

Finally, as previously stated on numerous occasions, the undersigned is unaware of any viable claims of ineffective assistance of counsel. Attorney Philipsborn performed admirably both before, during, and after the trial. His vague suggestion that there *might* be an ineffective assistance claim is inadequate to relieving Attorney Philipsborn at this juncture. Similarly, although Attorney Martinez has not raised the possibility of ineffective assistance, it bears noting that the undersigned is likewise unaware of any viable claim for ineffective assistance as to him.

Dated: December 15, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2